MARCONI WIRELESS TELEGRAPH CO. OF AMERICA v. DE FOREST RADIO TELEPHONE & TELEGRAPH CO. et al.

(District Court, S. D. New York.   November 12, 1914.)

1. PATENTS ⊄234—INFRINGEMENT—DEVICE CAPABLE OF NONINFRINGING USE.
   An apparatus made and sold by a defendant for use by the purchasers, which when normally and most effectively used infringes a patent, does not avoid infringement because it is capable of being so used as not to infringe.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 370, 381; Dec. Dig. ⊄234.]

2. PATENTS ⊄328—INFRINGEMENT—WIRELESS TELEGRAPH APPARATUS.
   The Marconi patent, No. 763,772, and the Lodge patent, No. 609,154, each for wireless telegraph apparatus, held infringed on motion for preliminary injunction.

In Equity. Suit by the Marconi Wireless Telegraph Company of America against the De Forest Radio Telephone & Telegraph Company, the Standard Oil Company of New York, and Lee De Forest, for infringement of the Marconi patent, No. 763,772, and the Lodge patent, No. 609,154, each for wireless telegraph apparatus. On motion for preliminary injunction. Motion granted.

Order affirmed in 225 Fed. 373, —— C. C. A. ——.

Sheffield, Bentley & Betts, of New York City, for complainant.
Samuel E. Darby, of New York City, for defendants.

HOUGH, District Judge. At the same time that briefs on this motion were delivered at my chambers, defendants there left, without leave (and without necessity), certain surrebuttal affidavits. I did not know that this had taken place until I returned to chambers later in the day. These surrebuttal affidavits will not be received, nor will they be filed, and are not a portion of the record herein.

After consideration of all the affidavits and further reflection, I think I made too much of complainant's action in raising the price of its patented article immediately after (and undoubtedly in consequence of) Judge Veeder's decision. The action of Judge Veeder and that of the courts of the Third circuit in respect of the Fessenden patents, followed by a treaty of peace between complainant and the Fessenden party, has undoubtedly put the Marconi Company in a much stronger position than it previously occupied. I am convinced that down to the present time the expense of operation (and of litigation) has been so enormous that complainant has received no fair return from the invention which, under decisions now ruling, I must hold to be of the greatest value and worthy both of praise and reward.

The situation presented by the ships of the Standard Oil Company differs greatly from that existing in the case of vessels affected by the various acts of Congress compelling the use of wireless telegraphy on sea-going craft. Where the sovereign with one hand grants a monopoly to private persons and with the other compels the public to use that of which a monopoly has been given, the situation is one that may cry for justice. But this motion does not raise that question. The Standard Oil Company is not bound to have wireless apparatus on its ships; it wants that apparatus for its own safety and profit, and I cannot say, and indeed do not think, that $100 a month is too much to pay for a device without which it is a matter of common knowledge that the insurance premiums on a large and laden vessel would be greater by more than the amount of complainant's fees. I am not, therefore, disposed to withhold relief by reason of complainant's action in raising rates in this, the only, instance, really before this court.

[1] A reading of the affidavit submitted leaves me in no doubt that defendant. Radio Company sold and delivered to the Standard Oil Company on board certain of its vessels a signaling apparatus which, when put together and used in the normal way, the easiest way, and the most effective way, would infringe both the patents in suit. The whole defense amounts to this, viz.: That defendant can take, and has taken, an infringing set of apparatus, and so arranged or co-ordinated it as to avoid infringing. This claim of defendant is, I think, advertised in the Radio Company's Bulletin A 14, wherein it is said that:

"With these improved forms of variable inductances any form of selective receiving circuit can be quickly formed and tested. The maximum possible selectivity of circuits is assured with this radio apparatus."

It seems to me that it would be (under familiar cases) proper to grant a preliminary injunction here on the sole ground that the

apparatus vended and used by defendants was capable of infringing, and would when ordinarily used by operators be so adjusted as to infringe.

[2] But defendants' explanations may be considered a little further: The only reason alleged in argument why the apparatus arranged as shown in defendants' drawings does not infringe the Lodge patent is that the variably acting inductance coil at the transmitting station is not directly in the antenna circuit, but is in a closed circuit which is so connected to the antenna as to control the radiation therefrom. Even if this is true, I do not think that infringement is escaped, because the principal Lodge claims do not require a direct connection; it is enough if the self-inductance coil is electrically inserted between the capacity areas.

It is alleged that the transmitting claims of the Marconi patent are not infringed, because the closed circuit is not in tune with the open radiating circuit. But tune, or syntony, may be produced by the variable inductances shown, and it is inconceivable that the inductances would be shown if it were not intended thereby to produce syntony.

It is also alleged that the condenser coupling shown in the defendants' drawing is not the equivalent of the transformer coupling shown in the Marconi patent. I think it proven that defendants' expert, Mr. Stone, not only says that the two devices are equivalent, but that he found out that they were. If the defendants' device, diagrammatically shown in the affidavits, be considered with respect to the receiving claims of the Marconi patent, complainant admits that, if used exactly as shown, no infringement is proven. It is on this head that the capacity for infringement is important. I do not believe that a noninfringing device, which could be made more efficient by an operator after he got to sea, or just before starting, by making it infringe, would be permitted to remain in the noninfringing and less efficient form.

The injunction may issue as prayed for.